FILED SEP 24 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. YASSER RANA, Defendant. | : | CRIMINAL ACTION No. 07-314 |

ENTERED SEP 25 2007 CLERK OF COURT

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.** **SEPTEMBER 24, 2007**

On August 23, 2007, Defendant filed a Motion in Limine to Exclude Evidence. On September 12, 2007, after a hearing we denied the Motion in open court. This memorandum is written to set forth the reasons for our decision.

## I. BACKGROUND

Rana is a citizen of Pakistan who initially entered the United States in 1992 on a student visa. After exiting the United States, Rana reentered the country as a specialty employee on an H-1B visa on December 23, 1999. Subsequently, Rana was arrested in December 2000 by the Township of Lower Merion, Montgomery County, Pennsylvania Police Department for selling marijuana to undercover police officers in September and October of that year. Rana was given the opportunity to resolve these charges without conviction by entering Montgomery County's Accelerated Rehabilitative Disposition program ("ARD"). Upon his completion of the ARD program, the charges against Rana were dismissed. In accordance with 18 Pa. Cons. Stat. § 9122 (2007), on January 16, 2003, Judge Albert Suber of the Montgomery County Court of Common

Pleas entered an order expunging Rana's criminal record pertaining to his 2000 arrest.

On February 5, 2003, Rana filed an application with the United States Immigration and Naturalization Service to adjust his status to that of lawful permanent resident. His application was denied on April 7, 2005, on the grounds that he was known to be an illicit trafficker of a controlled substance, and was thus an inadmissible person under 8 U.S.C. § 1182(a)(2)(C). Rana was placed into removal proceedings. A hearing was held in immigration court on the issue of whether Rana was eligible for adjustment of his immigration status. He testified at that hearing, and was questioned about his activities in relation to his arrest in 2000. Rana denied that he had engaged in drug trafficking, and stated that he never sold marijuana to undercover police officers in 2000. On May 29, 2007, Rana was indicted by a federal grand jury on four counts of perjury, 18 U.S.C. § 1621(1), and two counts of obstruction of justice, 18 U.S.C. § 1505, based on his testimony at the immigration hearing.

On August 23, 2007, Rana filed a Motion in Limine seeking to preclude the United States from introducing any testimony or evidence relating to his arrest in 2000 by Montgomery County law enforcement authorities. A hearing was held on September 10, 2007, on the Motion. At that hearing, Rana argued that the United States should be precluded from introducing police reports pertaining to the arrest as evidence, and should not be allowed to use any such reports to refresh the recollection of any officers who may be called to testify. Additionally, Rana argued that the police officers involved in his arrest must be precluded from testifying at trial. Rana contends that the expungement order entered by the Court of Common Pleas bars any use of police reports that may exist, and also bars the police officers from testifying about the facts of his arrest.

## II. DISCUSSION

The Commonwealth of Pennsylvania allows some individuals the opportunity to expunge their criminal records because it recognizes the difficulties and hardships that can result from having an arrest on file. Commw. v. Malone, 366 A.2d 584, 587-88 (Pa. Super. Ct. 1976). The right to expungement "is limited to the erasure of the record and does not erase the memory of those personally involved." Commw. v. Butler, 672 A.2d 806, 809 (Pa. Super. Ct. 1996). "An expungement affords an individual some protection, but cannot entirely protect him from the consequences of his prior actions." Id.

Individuals who are accepted into and satisfactorily complete Pennsylvania's ARD program are afforded the benefit of having their records expunged. 18 Pa. Cons. Stat. Ann. § 9122; see also Pa. R. Crim. P. 320. The purpose of the ARD program is to keep people out of the criminal justice system by rehabilitating those who are generally law abiding, and to protect them from the lasting damage that an isolated, relatively minor infraction of the law can cause. Commw. v. Knepp, 453 A.2d 1016, 1018 (Pa. Super. Ct. 1982). Expungement does not afford an individual complete immunity from the consequences of their prior actions though.

While an individual's record is removed from the public domain, Pennsylvania's statutes do require that "the prosecuting attorney and the central repository . . . maintain a list of the names and other criminal history record information of persons whose records are required by law or court order to be expunged where the individual has successfully completed the conditions of any pretrial or post-trial diversion or probation program." 18 Pa. Cons. Stat. Ann. § 9122(c). The information contained in that file "shall be made available to any court or law enforcement agency upon request." Id. The purpose of expungement is not to remove any trace of a person's

prior transgression, but rather to limit the damage that will result from a minor lapse in judgment.

Pennsylvania's courts have not held that expungement precludes police officers from testifying at later criminal proceedings in regard to the factual basis behind the arrest for which an expungement was applied. In Butler, the court stated that "evidence of the underlying conduct of an expunged arrest which is based on personal knowledge is not precluded." 672 A.2d at 809. That court "emphasized that the testimony should be limited to the conduct, and any reference to the arrest or the record should be precluded." Id. The court noted that this was consistent with the language of the expungement statute and the purpose behind expunging records. Id. The police officers who took part in Rana's arrest for selling marijuana are not barred from testifying to the facts of the arrest. Additionally, case law in Pennsylvania shows that even if a police officer was to refresh his recollection from material that was subject to an expungement order, that officer is not precluded from testifying. McLaughlin v. Commw., 751 A.2d 714, 717 (Pa. Commw. Ct. 2000).

Rana also argued that the expungement order entered by Judge Suber of the Montgomery County Court of Common Pleas barred any police records that exist in relation to his arrest from being presented as evidence. The United States offered that it had gained information pertaining to Rana's 2000 arrest from files held by the East Norriton Township Police Department. While these files were not mentioned in the expungement order entered by Judge Suber, Rana argues that they should be barred regardless because to allow the use of these records would defeat the purpose of the expungement order.

The expungement order stated that "[u]pon receipt of a duly certified copy of this Order, the aforesaid keepers of the criminal records shall: (1) expunge and destroy the official and

unofficial arrest and other records of the within Defendant concerning the within charge[.]" (Def's Mot. Ex. A.) It further read that "[i]t shall be the responsibility of the Defendant/ Petitioner to provide notice of the within Order, by certified copy thereof, to each and every office or agency, other than the Clerk of Courts of Montgomery County, Pennsylvania, which maintains a criminal record of the Defendant subject to the within Order." (Id.) The order did not mention the East Norriton police department by name, as it did in regard to the Lower Merion police department, nor has Rana shown that the East Norriton police department was provided with a certified copy of the expungement order. Consequently, this Court cannot hold that the records of the East Norriton police department are barred as a matter of law by the expungement order entered by Judge Suber of the Court of the Common Pleas of Montgomery County.

An Order was entered in regard to the above discussion in open court on September 12, 2007. That Order stated that the United States could: (1) call the police officers involved in Rana's 2000 arrest as factual witnesses; (2) use police reports concerning Rana's expunged arrest to refresh the recollection of the police officers called to testify; and (3) use the police report of the East Norriton police department for any purpose allowed under the Federal Rules of Evidence.

BY THE COURT:

Robert F. Kelly

ROBERT F. KELLY
SENIOR JUDGE